IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 4:12-CR-00181-ALM** |
| **v.** § | |
| § | |
| § | |
| § | |
| § | |
| **JASON DALE JACOBS** § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On June 27, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jason Dale Jacobs. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess Methamphetamine with Intent to Distribute, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of VI, was 262 to 327 months. On August 26, 2014, U.S. District Judge Richard Schell of the Eastern District of Texas sentenced Defendant to 117 months in prison due to a downward departure, followed by 5 years of supervised release subject to the standard conditions of supervised release, plus special conditions to include financial disclosure, drug aftercare, mental health treatment, and a special assessment. On December 30, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from possessing any controlled substances except as prescribed by a physician. In its petition, the government alleges that Defendant violated his conditions of supervised release when Defendant tested positive and admitted to using methamphetamine, a controlled substance, on November 21, 2023, January 1, 2024, and April 5, 2024. The government submits that under Fifth Circuit precedent, consumption of a controlled substance constitutes possession.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release referenced above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. *See* U.S.S.G. §§ 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 21 months with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Jason Dale Jacobs's plea of true be accepted, and that he be sentenced to a term of imprisonment of 21 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas, if available, and that he receives drug and alcohol treatment, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of July, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE